UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| L<small>ATONYA</small> T<small>ONOA</small> H<small>ALEY</small>, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C<small>IVIL</small> A<small>CTION</small> 11-03522 |
| | § | |
| C<small>ITIBANK</small> N.A., | § | |
| | § | |
| *Defendant*. | § | |

## O<small>RDER</small>

Pending before the court is a motion to dismiss filed by defendant Citibank, N.A., erroneously sued as Citibank SD ("Citibank"). Dkt. 6. Citibank seeks dismissal of plaintiff Latonya Tonoa Haley's complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* Upon consideration of the complaint, the motion, and the applicable law, this motion is GRANTED without prejudice to amend.

### I. B<small>ACKGROUND</small>

On September 29, 2011, plaintiff Latonya Haley brought this consumer credit action against ten different entities, Citibank included. Dkt. 1. The whole action is based on the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and/or the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). *Id.* In her complaint, Haley alleges that as a furnisher of information as contemplated by the FCRA, Citibank has violated the FCRA, 15 U.S.C. §§ 1681 *et seq. Id.* Specifically, she alleges that Citibank "willfully and negligently continues to report inaccurate information . . . after being notified by plaintiff of erroneous and fraudulent information in violation of FCRA 623 15 U.S.C. 1681-2(A)(B)(i)(ii)." *Id.*

On February 21, 2012, Citibank filed a Rule 12(b)(6) motion to dismiss, asserting that Haley has failed to state a claim upon which relief can be granted. Dkt. 6. It argues that its motion should be granted for two reasons: first, the FCRA statutory provision Haley relies upon does not provide a private right of action; and second, Haley has completely failed to allege any facts in her complaint to establish her FCRA claim against Citibank. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In considering a Rule 12(b)(6) motion, courts generally do not look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The factual allegations contained in the complaint are accepted as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In order to survive a Rule 12(b)(6) motion, it is the plaintiff's obligation to plead specific facts, not mere conclusory allegations. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, although a court may dismiss a claim that fails to meet the pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

Courts exercise leniency in evaluating pro se litigators' pleadings. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6)

without giving an opportunity to amend," unless the plaintiff "has alleged his best case, or if the dismissal was without prejudice." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### III. ANALYSIS

In this case, Citibank moves to dismiss Haley's complaint for two distinct reasons. First, it alleges that the statutory provision upon which Haley bases her claim, § 1681s -2(A)(B)(i)(ii), does not provide a private right of action against a furnisher of information like Citibank in this case. Dkt. 6. Second, it alleges that Haley fails to meet the pleading requirement since she offers no facts in her complaint, but merely asserts a conclusion. *Id.*

To state a plausible claim under the FCRA, there must first be a private right of action. The Fifth Circuit has not yet addressed whether a consumer can bring a claim under the FCRA against a furnisher of information. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (declining to reach the issue). However, in *Young*, the court noted that the plain language of the FCRA appears to impose civil liability on "any person" violating a FCRA duty owed to "any consumer." *Id.*; *see also* 15 U.S.C. §§ 1681n, 1681o. It further pointed out that while § 1681s-2(d) explicitly provides that enforcement of §1681s-2(a) shall be exclusively by government officials, nothing in the statute precludes a private suit against a furnisher for violation of § 1681s-2(b). *Young*, 294 F.3d at 639.

Federal district courts within the Fifth Circuit are split on this issue. *See Olexy v. Interstate Assurance Co.*, 113 F. Supp.2d 1045, 1047–48 (S. D. Miss. 2000) (finding that no private right of action against furnishers exists under the FCRA); *but see Campbell v. Baldwin*, 90 F. Supp.2d 754, 756 (E.D. Tex. 2000) (upholding private right of action against furnishers under the FCRA). Caselaw from other circuits is divided as well. *See, e.g.*, *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002) (upholding private right of action against furnishers under the

FCRA); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 34 (1st Cir. 2010) (upholding private right of action against furnishers); *but see Steed v. Ever Home Mortg. Co.*, 308 Fed. Appx. 364, 369–70 (11th Cir. 2009) (declining private right of action against furnishers under the FCRA).

Citibank's first contention in its motion to dismiss is that Haley may not maintain a claim against it because she bases her whole case upon § 1681s-2(a), which may only be enforced by federal and state officials.  However, while no private right of action exists under § 1681s-2(a), such a right may exist under § 1681s-2(b) if Haley pleads correctly and sufficiently.  Considering it is not entirely clear from the complaint to which statutory provision Haley is referring, the court will generously construe her complaint as possibly referring to § 1681s-2(b), and accordingly give her an opportunity to amend the complaint to cure any pleading deficiencies as identified above.

Citibank's second contention is that Haley has failed to allege sufficient facts in the complaint and thus does not meet the pleading requirement. Dkt. 6.  The court agrees with Citibank on this issue.  Haley's complaint against Citibank is conclusory and makes no factual showing at all. However, this defect is not incurable.  Haley's pro se status as well as justice requires the court to interpret her pleading leniently and to offer her an opportunity to amend it.  Therefore, the court will grant Haley leave to amend.

## IV. Conclusion

For the foregoing reasons, defendant Citibank's motion to dismiss is GRANTED. Haley's claims against Citibank are DISMISSED without prejudice to amend to cure any pleading deficiencies identified above. Any amendment must be made within 60 days of the filing of this order.

It is so ORDERED.

Signed at Houston, Texas on June 25, 2012.

_____
Gray H. Miller
United States District Judge